UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL—CIO, LOCAL UNION # 2077, ET AL., APPELLANTS, *v.* PAUL LUGGER DISPLAYS, INC., ET AL., APPELLEES.

(No. 80AP-580—Decided June 18, 1981.)

Messrs. *Green, Schiavoni, Murphy, Harnes & Sgambati* and Mr. *David G. Latanick,* for appellants.

Messrs. *Smith, Clark & Holzapfel* and Mr. *John E. Holzapfel,* for appellee Eileen J. Lugger.

Messrs. *Gottfried & Palmer* and Mr. *Gary Gottfried,* for Paul Lugger Displays, Inc., et al.

MOYER, J. This matter is before us on plaintiffs' appeal from a judgment of the Court of Common Pleas of Franklin County against plaintiffs and in favor of appellee Eileen J. Lugger against defendant Paul Lugger Displays, Inc., in the amount of $12,000 and ordering that the sum of $4,000 held by a trustee for the corporation be applied in partial satisfaction of the judgment in favor of Eileen J. Lugger.

The facts are stipulated. Paul Lugger Displays, Inc. [defendant] was a corporation operating in Franklin County prior to the termination of its business in August 1978. Employees of defendant were members of plaintiff Union. Pursuant to an employment agreement, defendant was obligated to contribute to an employee pension plan and to pay insurance premiums on behalf of the employees. In the period from approximately July 1977 to August 1978, defen-

dant failed to make pension fund contributions in the amount of $4,840.43. In August 1978, defendant failed to pay insurance premiums in the amount of $1,200.

On March 7, 1978, defendant Paul Lugger Displays, Inc. received a loan from appellee Eileen J. Lugger in the amount of $13,600, in exchange for which defendant executed a promissory note. Defendant also executed a security agreement giving Ms. Lugger a security interest in defendant's inventory, goods, equipment, machinery, and accounts receivable as security on the loan. A financing statement was filed in accordance with law.

In order to facilitate liquidation of defendant's assets, Ms. Lugger executed a partial release of her security interest in November 1978, retaining a security interest in all accounts receivable.

The assets of defendant were liquidated in October 1979. Subsequently, the corporation received the sum of $4,000 as proceeds from a suit it had filed against one of the other defendants for a breach of contract. In the suit before us, Ms. Lugger and plaintiffs each claimed a superior right to the $4,000. The trial court held that Ms. Lugger was a secured creditor with a superior claim to the funds.

Plaintiffs assert the following four assignments of error in support of their appeal:

"1. The Court below erred in holding that by virtue of Revised Code Section 4113.15, Plaintiffs do not possess claims to the assets of Defendant, Paul Lugger Displays, Inc., which are superior to the claims of secured creditors and Eileen J. Lugger.

"2. The Court below erred in holding that [Appellee], Eileen J. Lugger, is a secured creditor of Defendant, Paul Lugger Displays, Inc., and has a secured interest in the assets of Paul Lugger Displays, Inc.

"3. The Court below erred in holding that by virtue of Revised Code Section 4113.15, Plaintiffs do not have a preferred, ownership interest in assets held by Defendant, Paul Lugger Displays, Inc., which is superior to the interest of secured creditors and Eileen J. Lugger.

"4. The Court below erred in ordering that the sum of $4,000 and accumulated interest thereon, which sum is an asset of Defendant, Paul Lugger Displays, Inc., be paid to [Appellee], Eileen J. Lugger, as a secured creditor of Defendant, Paul Lugger Displays, Inc."

The assignments of error are interrelated and are considered together. Plaintiffs base their claim upon R.C. 4113.15(C), which reads in pertinent part as follows:

"In the absence of a contest, court order or dispute, an employer who is party to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises. * * *"

There is no dispute concerning the amount owed by defendant, and R.C. 4113.15(C) is therefore applicable. It is clear under R.C. 4113.15(C) that defendant Paul Lugger Displays, Inc., held in trust for its employees any funds owing to the pension fund or insurance fund which could have been used to pay those obligations. The question is whether appellee Eileen Lugger, a shareholder of the corporation, had a security interest in the same funds which took priority over plaintiffs' interest.

The only funds about which there is a dispute are the proceeds of the corporation's judgment on its breach of contract action. It is also conceded that Eileen Lugger released her lien from all corporate assets except accounts receivable. The first question to be answered is whether the $4,000 judgment by the corporation is an account receivable. Prior to January 1, 1979, the Ohio version of Arti-

cle 9 of the Uniform Commercial Code included the following definitions:

"(10) 'Account' means any right to payment for goods sold or leased or for services rendered which is not evidenced by an instrument or chattel paper.

"(11) 'Contract right' means any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper." R.C. 1309.01(A).

The definition of "contract right" has now been omitted, and the definition of "account" has been supplemented with the phrase "whether or not it has been earned by performance." R.C. 1309.01 (A)(15). Since the events which gave rise to the complaint herein occurred prior to January 1, 1979, the former provision of the Code controls in this case. It follows that rights to payment under a contract not yet earned by performance were not accounts. *Cissell* v. *First National Bank of Cincinnati* (S.D. Ohio 1976), 471 F. Supp. 480, 485.

Since both parties apparently did not see that as the issue in the case, the record contains only scant information concerning the breach of contract suit. In their brief defendants state that, "[c]ertain items were to be transferred under the terms of the contract, the buyer breached, and the goods were resold to another buyer at a loss to Paul Lugger Displays, Inc." That statement would indicate that, although the buyer breached its contract, Paul Lugger Displays, Inc., also had not yet performed under the contract. If that were the case, no right to payment would have been earned, and the suit would have dealt with a contract right, and not with an account. Indeed, defendant's statement that the goods were resold tends to indicate the suit was not to recover the price of the goods, but only defendant's lost profits.

We are unable to make such a determination from the record, and the trial court must on remand further examine that issue. If the corporation had not per-

formed on the contract, the right to payment had not yet been earned and the $4,000 represented a contract right and not an account. If the corporation had earned the right to payment by its own performance, the $4,000 represented an account and could, therefore, have been subject to Eileen Lugger's security interest.

In the interest of judicial economy, we will proceed to resolve the remaining issues, in the event that the trial court determines that the $4,000 represents an account which came into existence prior to plaintiffs' claim.

Eileen Lugger's security interest was created on March 7, 1978, and perfected on October 16, 1978. However, as against an unsecured creditor, an attached but unperfected security interest has priority, unless it may be determined in this case that R.C. 4113.15(C) grants a priority. Prior to March 7, 1978, the defendant corporation was in arrears on pension fund contributions in the amount of $3,387.33 (this amount includes a payment of $245.01 for March, although it is not clear whether this obligation arose before or after the creation of the security interest).

Although inchoate, the claim in the breach of contract suit existed as a contract right or as an account receivable before the final adjudication by the trial court in that case. But because Eileen Lugger's security interest did not attach until, at the earliest, March 7, 1978, the $3,387.33 was already subject to the statutorily-created constructive trust in favor of the corporation's employees (plaintiffs). The corporation could not grant a security interest in those funds.

The corporation's liability for payment of the remaining $612.67 of the trial court's judgment arose after March 1978. Under R.C. 4113.15(C), any unencumbered funds of the corporation immediately became subject to a constructive trust for the benefit of plaintiffs at the time of the employer's obligation to pay. However, in this case, there were no

assets upon which to impose the trust until judgment was rendered by the trial court on the breach of contract suit. Eileen Lugger's security agreement attached to all of the described assets at the time the security agreement was executed. However, her interest in the proceeds of the breach of contract suit could also not attach until the instant that judgment was granted.

The object of the notice requirement of Article 9 of the Uniform Commercial Code is to provide protection for creditors who may need to know whether certain property is encumbered. R.C. 4113.15(C) would appear to leave prospective creditors without any way of knowing, other than through direct inquiry, that certain funds of an employer were actually held in trust for the benefit of its employees. R.C. 4113.15(C) is apparently intended to reserve for employees the fruits of their labors. Thus, the General Assembly has sought to protect both employees and creditors without specifying which group has a priority.

In the present case, however, we believe this is of little consequence. Eileen Lugger was a part owner of the defendant-corporation. Thus, it could hardly be said that she was not on notice of the claims of the employees. We hold that she took a security interest in the named assets of the corporation, subject to the claims of the employees under R.C. 4113.15(C) — both those outstanding and those arising subsequent to the execution of the security agreement. Plaintiffs' assignments of error one through four are sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.